Filed 2/9/15  P. v. Flores CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048666 |
| v. | (Super. Ct. No. 11CF2415) |
| LORENZO BERNABE FLORES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, James A. Stotler, Judge.  Affirmed.

Melissa Hill, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Lise Jacobson and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Lorenzo Bernabe Flores of conspiracy to commit murder (count 1), attempted murder (counts 2 & 3), carjacking (count 4), second degree robbery (count 5), and street terrorism (count 6). The jury also found true defendant committed: (1) counts 1 through 5 for the benefit of a criminal street gang; (2) counts 1 through 3 as a principal in the commission of (a) a felony committed for the benefit of a criminal street gang in which another principal intentionally discharged a firearm and (b) a gang-related felony in which another principal intentionally discharged a firearm causing great bodily injury; and (3) counts 2 and 3 with premeditation and deliberation. The trial court found the prior conviction allegations true and sentenced defendant to a term of 55 years to life.

Defendant contends the court prejudicially erred in instructing the jury on accomplice testimony in response to the question whether an accomplice must know the perpetrator's specific criminal purpose. We disagree. Although the opening brief also raised an issue about custody credits, defendant acknowledges the court awarded the requested credits while this appeal was pending, making the issue moot. The judgment is affirmed.

FACTS

A woman and two Lopers gang members, defendant and Andrew Chavez, drove a truck to the residence of former Lopers gang member Francisco P., a minor, and asked him to retrieve a gun belonging to the Lopers gang. Francisco P. obtained the gun and gave it to them without asking why they needed it.

The woman, defendant, and Chavez drove away looking for rival members from the Krazy Proud Criminals gang to attack, with defendant holding the gun in his lap. Although they did not see any members of that gang, they encountered two members of another rival gang, whom defendant ordered Chavez to shoot.

After the shooting, the woman called Daniel Jacobo because she needed money for gas. When Jacobo met the woman at a gas station, another Lopers gang member, who had just joined defendant's group, showed a screwdriver to Jacobo and ordered him to give him the keys. Defendant approached from the passenger side, and another male raised his shirt and flashed a gun. The group robbed the occupants of the car of their belongings and ordered them out before driving away in Jacobo's car.

## DISCUSSION

Defendant argues the court prejudicially erred in responding to a jury question regarding the knowledge element of the definition of an accomplice.

The court instructed the jury on accomplice testimony in relevant part as follows: "Before you may consider the statement or testimony of Francisco P[.] as evidence against the defendant, you must decide whether Francisco P[.] was an accomplice. A person is an accomplice if he or she is subject to prosecution for the identical crime charged against the defendant. Someone is subject to prosecution if: [¶] 1. He or she personally committed the crime; [¶] OR [¶] 2. He or she knew of the criminal purpose of the person who committed the crime; [¶] AND [¶] 3. He or she intended to, and did in fact, aid, facilitate, promote, encourage, or instigate the commission of the crime or participate in a criminal conspiracy to commit the crime."

During deliberations, the jury asked the court to clarify the second element of this instruction, specifically, "Does accomplice need to know that there is a criminal purpose (in general), or the specific criminal purpose committed." Defense counsel suggested the answer be: "'A member of a conspiracy, an aider and abettor, or a direct perpetrator is criminally responsible for not only the contemplated act but also for unintended acts, which are the natural and probable consequences of the contemplated act or acts.'"

3

Following a discussion, the court gave the following response instead: "A juror who finds that Francisco P[.] was an accomplice will then need to find corroboration of his testimony before he or she may consider his testimony against the defendant. A juror who finds that Francisco P[.] was not an accomplice may then consider his testimony against the defendant without the necessity of finding the require corroboration. [¶] . . . To determine whether Francisco [P.] is an accomplice you must consider the evidence and testimony presented during trial. Francisco P[.] is an accomplice if he was a direct perpetrator in Counts 1, 2, 3, 4, and 5. He would also be an accomplice if he was an aider and abettor or conspirator in Counts 1, 2, 3, 4, and 5. Further, to be an accomplice, Francisco P[.] must meet every element as a direct perpetrator or aider and abettor or as a conspirator. Please see the instructions defining the crimes in Counts 1, 2, 3, 4, and 5 and the instructions defining perpetrator, aiding and abetting, and conspiracy law."

Defendant contends this answer was incomplete because it did not explain Francisco P. could have been liable as an accomplice for the charged offenses "despite the absence of specific intent under the natural and probable consequences doctrine." We are not persuaded.

Penal Code section 1138 provides: "After the jury have retired for deliberation, if there be any disagreement between them as to the testimony, or if they desire to be informed on any point of law arising in the case, they must require the officer to conduct them into court. Upon being brought into court, the information required must be given in the presence of, or after notice to, the prosecuting attorney, and the defendant or his counsel, or after they have been called." The statute "imposes on the trial court a mandatory 'duty to clear up any instructional confusion expressed by the jury. [Citations.]' However, the standard does not require trial court elaboration on the standard instructions in every instance. When the original instructions are full and complete, the trial court has discretion to determine what additional explanations are

4

sufficient to satisfy the jury's request for information. [Citation.] Jury questions can present a court with particularly vexing challenges. The urgency to respond with alacrity must be weighed against the need for precision in drafting replies that are accurate, responsive, and balanced. When a question shows the jury has focused on a particular issue, or is leaning in a certain direction, the court must not appear to be an advocate, either endorsing or redirecting the jury's inclination. Although comments diverging from the standard should be embarked on with care, a trial court must do more than figuratively throw up its hands and tell the jury it cannot help. It must consider how it can best aid the jury and decide whether further explanation is desirable, or whether the reiteration of previously given instructions will suffice." (*People v. Moore* (1996) 44 Cal.App.4th 1323, 1331.)

Here, the instructions were full and complete. In response to the jury's question, the court informed the jury Francisco P. would be an accomplice if he was an aider and abettor or a conspirator and directed the jury's attention to previously given instructions defining those terms. The instructions for aiding and abetting addresses the jury's question by advising it that to be an aider and abettor, someone must "know[] of the perpetrator's unlawful purpose and . . . *specifically* intend[] to, and does in fact, aid[s], facilitate[s], promote[s], encourage[s], or instigate[s] the perpetrator's commission of *that* crime" in particular. They also define "[a] *natural and probable consequence* [as] one that a reasonable person would know is likely to happen if nothing unusual intervenes." So does the instruction for liability for coconspirators' acts. Thus, by informing the jury to refer back to the aiding and abetting and conspiracy instructions, the court acted within its discretion and it fulfilled its duty under Penal Code section 1138.

Defendant maintains this was insufficient because the court did not instruct the jury as to how these instructions related to whether Francisco P. could be found as an accomplice and only explained the natural and probable consequences in the context of whether defendant could be liable as an aider and abettor or conspirator, as well as for

5

attempted murder with express malice.  But that is exactly why the court told the jury to refer back to the instructions defining aiding and abetting and conspiracy to determine if Francisco P. was an accomplice.

DISPOSITION

The judgment is affirmed.


RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.